1

2                    UNITED STATES DISTRICT COURT
                         DISTRICT OF NEVADA
3

4   Cynthia Volkar, et al.,                    Case No. 2:25-cv-01436-CDS-DJA

5              Plaintiffs                **Order Remanding Case for Lack of Subject
                                            Matter Jurisdiction and Closing Case**
6   v.

7   American Transportation Systems, Inc.,
                                                    [ECF No. 9, 12]
8              Defendants

9

10          This case arises from the untimely death of Jeffrey Volkar, who passed away when a tour

11  bus failed and stranded its passengers in extreme heat. As noted in the order to show cause,

12  Volkar's estate and his heirs filed suit in the Eighth Judicial District Court, Clark County,

13  Nevada, alleging ten state law claims (*see* Am. compl., ECF No. 1-2), and defendant Sightseeing

14  Tours Unlimited of Nevada, LLC d/b/a Gray Line Las Vegas removed the action to this court

15  asserting that removal is appropriate because the amended complaint cites two sections from

16  the Code of Federal Regulations (C.F.R.) (*see* ECF No. 1-2). However, a review of the amended

17  complaint reveals the plaintiffs have not raised a federal claim. *See generally* ECF No. 1. So the

18  court issued an order to show cause requiring Sightseeing Tours to show cause why this action

19  should not be remanded for lack of subject-matter jurisdiction by September 15, 2025. Order,

20  ECF No. 12 at 3.

21          Sightseeing Tours filed a timely response to the show-cause order on September 15, 2025.

22  Resp., ECF No. 18. However, while timely filed, the response did not explain: (1) how this court

23  has federal jurisdiction over this action, (2) how federal question jurisdiction attaches to the

24  plaintiffs' claims, or (3) how federal issue is even implicated in the complaint by the mere

25  citation to C.F.R.s. Rather, the defendant agrees that there is no private right of action for the

26  C.F.R.s relied upon in the complaint and the petition for removal, while maintaining that this

court should first decide their pending motion to dismiss in their favor, at which time remand would be proper. *See id.* at 2. This is improper because, as the removing party, Sightseeing Tours is required to demonstrate removal was proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). They fail to meet that burden here. Indeed, they admit there is no subject matter jurisdiction, and that the C.F.R.s do not convey a private right of action, which made removal improper from the start. Consequently, this action is remanded for lack of subject matter jurisdiction. *See Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196–98 (9th Cir. 2016) (holding that 28 U.S.C. § 1447(c) requires remand to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction….").

### Conclusion

IT IS HEREBY ORDERED that is action is remanded to the Eighth Judicial District Court, Department 5, Case No. A-25-921631-C.

IT IS FURTHER ORDERED that Sightseeing Tour's motion to dismiss **[ECF No. 9] is denied without prejudice**.

IT IS FURTHER ORDERED that the order to show cause **[ECF No. 12] is discharged**.

The Clerk of Court is kindly directed to close this case.

Dated: September 18, 2025

_____
Cristina D. Silva
United States District Judge